# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DENNIS H. NEWSON,          )
                                  )
          Plaintiff,       )
                                  )
      v.                 )         1:09CV91
                                  )
HUBERT PETERKIN and      )
HARTFORD INSURANCE CO.,   )
                                  )
         Defendants.     )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter came before the Court on November 30, 2009, for oral argument on pending motions. After hearing the argument of the parties, and for reasons announced in open court, **IT IS RECOMMENDED** that Plaintiff's motion to remand this action to state court (Docket No. 10) be granted.

Construing the *pro se* Plaintiff's complaint, which is both rambling and inartful, the Court finds no federal question to be raised to support removal of this action. Plaintiff mentions 18 U.S.C. § 241 one time in his thirty-three page complaint. Nonetheless, the allegations relating to this criminal statute cannot be construed to form a part of Plaintiff's cause of action. His action is one grounded solely in negligence, and his claim is directed toward Sheriff Peterkin of Hoke County. His allegations of a criminal conspiracy between a deputy sheriff and a district attorney are surplusage with regard to Plaintiff's negligence claim against the sheriff and thus do not raise a federal question for determination. The

Court would not be called upon to interpret or apply the federal criminal statute if it were to adjudicate Plaintiff's civil complaint. Accordingly, the complaint fairly raises no federal question and the action should be remanded.

Alternatively, even if the Court were to find federal question jurisdiction, it would also find that Plaintiff's assertion of a criminal conspiracy between a deputy sheriff and a district attorney, as it purportedly relates to a cause of action for negligence against the Sheriff, is entirely conclusory and is, under the pleadings before the Court, frivolous under the test of 28 U.S.C. § 1915A. The conspiracy claim is thus subject to being dismissed and stricken, leaving no federal claim or question. In this circumstance, at the outset of litigation, the court should not entertain supplemental jurisdiction over Plaintiff's state-law negligence claim.

**IT IS RECOMMENDED** that Plaintiff's motion to remand (Docket No. 10) be granted and that this action be remanded to the Hoke County Superior Court.


_____
/s/ P. Trevor Sharp
United States Magistrate Judge

Date: December 3, 2009